**UNITED STATES of America, Plaintiff,**

v.

**Roger E. KIEMELE, Defendant.**

No. 1–72–Crim–52.

United States District Court, D. Minnesota, First Division.

June 21, 1972.

Robert G. Renner, U. S. Atty., and Joseph M. Livermore, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Gordon C. Moosbrugger, St. Paul, Minn., for defendant.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This criminal action was tried to the court with jury waived on June 2, 1972. The indictment, returned March 10, 1972, charged defendant with failing on two occasions to comply with orders of his local Selective Service Board to report for and submit to induction into the Armed Forces of the United States.

Material contained in defendant's Selective Service file indicates that de-

fendant registered with the Selective Service System on December 30, 1968 and filed Form 150 (Special Form for Conscientious Objector) on January 27, 1969. Initially classified IV–F, defendant was classified I–A on March 10, 1969, I–S–H on April 14, 1969 and 1–A on June 7, 1969 and again on August 11, 1969. In denying defendant's request for classification as a conscientious objector on March 10, 1969 and again on August 11, 1969, the board stated that defendant's beliefs appeared philosophic rather than religious in nature.

Defendant appealed from the August 11, 1969 classification and on October 29, 1969 the State Appeal Board also classified defendant 1–A. The record does not indicate the basis upon which the appeal board acted in denying the requested 1–O classification.

Defendant was subsequently classified 2–S on May 11, 1970 and again 1–A on February 8, 1971. At this time the local board stated no reasons for the denial of the 1–O classification and upon defendant's appeal, the State Appeal Board again classified defendant 1–A on April 29, 1971, citing as bases for its decision defendant's insincerity, lack of opposition to all wars, and the belief that defendant's position was based upon a personal moral code.

Defendant was ordered to report for induction on June 8, 1971 and June 28, 1971. On both dates he failed to report. The file reveals that between August 11, 1969 and February 8, 1971, defendant supplied additional information bearing on his claim for classification as a conscientious objector.[1]

Defendant claims that the failure of the appeal board on October 29, 1969 to state reasons for denying his request for conscientious objector classification and the similar failure of the local board to state the reasons for its denial of the requested classification on February 8, 1971, constitute fatal procedural flaws requiring that a judgment of acquittal be entered.

■■■ Although the court does not agree with defendant as to the failure of the appeal board to state reasons on October 29, 1969, since any prejudice which may have resulted from this failure was vitiated by the subsequent reopening of defendant's classification, in regard to the failure of the local board to state reasons for the denial of the 1–O classification on February 8, 1971, the court feels that this failure must result in a judgment of acquittal.

At the time the board classified defendant 1–A on February 8, 1971 the file contained information constituting a prima facie showing of qualification for the conscientious objector classification. Although defendant's request for consideration as a conscientious objector might not have survived board inquiry into the sincerity with which he held such beliefs, defendant at that time had clearly established a prima facie claim of entitlement to the 1–O classification under United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), and Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970).[2] Since defendant established a prima facie showing of qualification for classification as a conscientious objector, the failure of the local board to specify its

---

1. Item 34 in defendant's file for example, a newspaper report of an interview with defendant, discusses defendant's motive for destroying his selective service card and the basis for defendant's conscientious objector beliefs. The board received this item on October 30, 1969.

2. The government argues that no prima facie showing was made since defendant indicated to the board that his beliefs were of a selective nature. This argu-

ment is based upon Gillette v. United States, 401 U.S. 437, 91 S.Ct. 828, 28 L.Ed.2d 168 (1971). But defendant noted on his Form 150 that he was conscientiously opposed to participation in war in any form. Although there are inconsistencies between this statement and the statements made later by defendant, these inconsistencies might better have been considered as bearing upon defendant's sincerity. Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955).

reasons for denying his request must be held to be a fatal procedural error necessitating that a judgment of acquittal be entered. United States v. Hanson, 460 F.2d 337 (8th Cir. 1972).[3]

Therefore it is ordered that defendant's motion for a judgment of acquittal on both counts of the indictment be, and hereby is,

Granted.

---

3. Had there been no additional information submitted to the board between August 11, 1969 and February 8, 1971, it perhaps could be argued that the reasons given by the local board on the earlier date applied equally to the subsequent rejection of defendant's claim. Under the holdings of Seeger and Welsh, *supra,* the reasons enunciated by the board appear to be suf-ficient. This is not the case however and since additional information was submitted and the board was required to consider this information under 32 C.F.R. § 1622.1(c) and 32 C.F.R. § 1625.11, the board should have indicated its reasons for denying the 1–0 classification at the time it reclassified defendant on February 8, 1971.